UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR PORTER, | ) | CASE NO. 3:07-cv-03354-JRA |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | |
| KHELLEH KONTEH, Warden, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) ) ) | |

This matter comes before the Court on *pro se* Petitioner Lamar Porter's ("Petitioner") timely-filed Objections ("Objections") to the Magistrate Judge's Report and Recommendation ("Report") (Doc. 21). This action was referred to the Magistrate Judge for a Report on the Petition for Habeas Corpus ("Petition"). The Magistrate Judge issued the Report on February 2, 2009 (Doc. 18), recommending that the Court deny the Petition.

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the Report and Recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1). General objections to a magistrate's report, which fail to specify the issues of contention, do not satisfy the requirement. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 905, 909). Further, mere statements of disagreement or reiterations of previous arguments are not considered "objections" in this context. *See, e.g., Howard*, 932 F.2d at 909.

As discussed below, Petitioner's objections simply reiterate arguments made in his prior pleadings. (Docs. 1, 16). Further, to the extent that any of Petitioner's arguments may be construed as an objection, the Court finds the Magistrate Judge's analysis well-reasoned and

Petitioner's objections without merit. Accordingly, the Court adopts the Magistrate Judge's Report, and the petition for Writ of Habeas Corpus is DENIED.

    **A.    Petitioner's right to a public trial.**

In his Objections, Petitioner claims the trial court violated his right to a public trial when it closed the courtroom to all non-media spectators during the closing arguments and the charge to the jury. The Magistrate Judge found no error in the state appellate court's findings that the trial court's closure did not violate the defendant's right to a public trial and that the defendant had waived such right. (Doc. 18)

Petitioner simply reiterates his previous argument that his constitutional right to a public trial has been violated by the court's closure of the courtroom to all non-media, focusing on the exclusion of his family. He does not specifically address any part of the Magistrate Judge's analysis in his objection. Therefore, he has not added any arguments beyond those contained in his prior pleadings.

As part of his objection, Petitioner cited cases discussing the importance of allowing the defendant's family to be present at trial. To the extent that this may constitute a specific objection, Petitioner's claim is without merit. None of the cases cited by Petitioner stand for the proposition that removal of the defendant's family from the courtroom in circumstances similar to this case violates his right to a public trial. Instead, they stand for the general proposition that a trail judge must not treat lightly a decision to close the courtroom. Moreover, Petitioner waived his right to a public trial when his counsel did not object to the closure of the courtroom, and even agreed with the trial judge's decision. In the absence of any supportive case law or other argument, Petitioner's objection is without merit.

### B. Petitioner's right to a fair and impartial jury.

Petitioner claims that his right to a fair and impartial jury was violated when the trial court denied his motion for mistrial after members of the jury reported hearing intimidating remarks from an unidentified member of the audience. The Magistrate Judge found that the trial court properly held a hearing after which it found that "each and every juror, including the alternates, indicated they [could] continue to be fair and impartial and decide th[e] case based solely on the evidence and the law as the Court [would] instruct them." (Doc. 18 at 17) In his Objections, Petitioner reiterates his claim that these events violated his right to a fair and impartial jury without addressing the specific findings of the Magistrate Judge. Immediately following the reiteration of his previous claim, Petitioner states,

> The respondent says the closure did not call into question the fundamental fairness of the trial, nor did it affect the structural framework within which the trial proceeded. The rules of evidence make it difficult for either party to offer direct proof of the impact that an improper contact may have had on the deliberations of the jury.

(Doc. 21, citing *Woodward v. Leavitt*, 107 Mass. 433 (1871)). *Woodward* is a contracts case from 1871 that is irrelevant to Petitioner's case. Petitioner has failed to specify an issue of contention with the Magistrate Judge's finding that Petitioner's right to a fair and impartial jury was not violated, and therefore his objection is without merit.

To the extent that Petitioner's use of *Woodward* could be viewed as an argument that prejudice is difficult to prove, the law requires that he bear the burden of showing that improper contact with jurors caused prejudice. *U.S. v. Perry*, 438 F.3d 642, 651 (6th Cir. 2006) (*citing United States v.* Zelinka, 862 F.2d 92, 96 (6th Cir 1988)). Petitioner has made no effort to demonstrate prejudice.

### C. Procedural default

The Magistrate Judge applied the factors set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine that Petitioner's ineffective assistance claim is procedurally defaulted. (Doc. 18) In his Objections, Petitioner simply reiterates the same argument against procedural default that he raised in his Traverse. This is insufficient to constitute an objection. *Howard*, 932 F.2d at 509.

Even if the court construes these statements as an objection, Petitioner's argument fails because he has misinterpreted and misquoted his cited case law. Petitioner argues that failure to raise the ineffective assistance claim on direct appeal that he has raised with this Court does not constitute procedural default. In support of this objection, he cites *Murray v. Carrier* for the proposition that the "mere fact that counsel failed to recognize factual or legal basis for claim, or failed to raise claim despite recognizing it does not constitute procedural default." 477 U.S. 478, 486 (1986). The language in *Murray* properly reads as follows: "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute *cause* for a procedural default."[1] *Id.* at 486 (emphasis added).

Under Ohio law, failure to raise on direct appeal a claim that appears on the face of the record constitutes procedural default. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citing *Ohio v. Cole*, 2 Ohio St. 3d 112, 113-14 (1982); *Ohio v. Perry*, 10 Ohio St.2d 175 (1967)). The Sixth Circuit has interpreted this to mean that if a "second ineffective assistance claim rests on a theory which is separate and distinct from the one previously considered and rejected in state court," the claim is procedurally defaulted absent a show of cause and prejudice. *Wong*, 142 F.3d at 322. Petitioner has raised an ineffective assistance claim based entirely on trial counsel's

---

[1] Petitioner uses a similar misinterpretation of this language in the Traverse. Petitioner misreads this as stating that failure to recognize a claim does not "cause" procedural default. It actually means that failure to recognize a claim does not satisfy the cause element for excusing procedural default.

failure to object to the closure of the courtroom.  This is a separate and distinct theory from his ineffective assistance claim raised on direct appeal.  Petitioner based his initial ineffective assistance claim on trial counsel's failure to suppress an affidavit, failure to cross examine or retain an expert, failure to call an alibi witness, and failure to call a witness regarding a valuable piece of evidence.  Nowhere in his direct appeal does Petitioner argue that failure to object to the closure of the court constitutes ineffective assistance.  Further, he has made no attempt to demonstrate cause or prejudice.

Petitioner has not objected to any other aspect of the Magistrate Judge's Report regarding this ground, and he has also failed to object to the Magistrate Judge's finding that his ineffective assistance of counsel claim is without merit.  He has simply reiterated claims made in his Petition and Traverse.

### D. Conclusion

For the reasons indicated herein, each of Petitioner's stated objections is without merit and the Court adopts the Magistrate Judge's Report and Recommendation.  The petition for Writ of Habeas Corpus is denied and this action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: November 30, 2009                    */s/ John R. Adams*
                                                                               Judge John R. Adams
                                                                               UNITED STATES DISTRICT COURT